WES HICKS, Plaintiff-Appellant,
v.
COUNTY OF HAWAI`I, HAWAI`I COUNTY POLICE DEPARTMENT, IRIS McGUIRE, JEFFREY NATIVIDAD, et al., Defendants-Appellees.
No. 28235.
Intermediate Court of Appeals of Hawaii.
May 29, 2009.
On the briefs:
Nelson H. Kinoshita, for Plaintiff-Appellant Harry P. Freitas and Joseph K. Kamelamela, Deputy Corporation Counsels, County of Hawai`i, for Defendants-Appellees County of Hawai`i, Hawai`i County Police Department, Iris McGuire, and Jeffrey Natividad.

SUMMARY DISPOSITION ORDER
WATANABE, Acting C.J., FOLEY, and FUJISE, JJ.
Plaintiff-Appellant Wes Hicks (Hicks) appeals from the final judgment entered by the Circuit Court of the Third Circuit[1] (circuit court) on September 26, 2006, dismissing all claims against Defendants-Appellees County of Hawai`i, Hawai`i County Police Department, and Police Officers Iris McGuire (Officer McGuire) and Jeffrey Natividad (Officer Natividad) (collectively, County Defendants).
We affirm.

BACKGROUND

A.
In the late evening of October 30, 2001, Officer McGuire investigated a report of two suspicious vehicles driven to a dark, secluded area, without headlights. As Officer McGuire approached the area, she observed two individuals standing beside a white vehicle and a red vehicle. She illuminated her blue police light, and Hicks "jumped into the red sedan and attempted to flee the scene [.] " After Officer McGuire unsuccessfully attempted to stop the red vehicle with a hand signal, she radioed Officer Natividad, who was in another police car, to stop the red vehicle as it drove away. The parties disputed whether Hicks failed to stop at a stop sign.
Once the officers stopped Hicks's vehicle, police dispatch notified them that the red vehicle had been reported stolen and that there was an all-points bulletin to arrest the vehicle's driver. The officers then attempted to place Hicks under arrest, but Hicks "pushed [Officer Natividad] and started running down the street [.] " As Hicks fled, Officer McGuire observed Hicks reach into his pocket and throw "little white baggies" on the ground, which were later confirmed to contain methamphetamine.
Hicks was arrested, but not charged, for promoting a dangerous drug, promoting a detrimental drug, resisting arrest, driving under the influence of drugs, no no-fault insurance, driving without a license, expired weight tax, expired safety check, and theft in the second degree. After a four-hour detention, the police released Hicks on October 31, 2001 at approximately 2:15 a.m., pending investigation (first restraint).
On December 19, 2002, a grand-jury indictment was filed in Criminal No. 02-1-0434 against Hicks for promoting a dangerous drug in the third degree (Count I), prohibited acts related to drug paraphernalia (Count II), and resisting arrest (Count III).
A bench warrant for Hicks's arrest was issued on December 19, 2002. Hicks voluntarily turned himself in on December 31, 2002 and was released one hour later after posting bail. Thereafter, Hicks surrendered bail and was placed in custody on or about January 13, 2003 and remained in custody until June 17, 2004 (second restraint).
In the criminal proceeding, the circuit court[2] granted Hicks's motion to suppress evidence, concluding that the officers lacked specific and articulable facts to believe that criminal activity was afoot when they stopped Hicks's vehicle. Specifically, the circuit court found that "Officer McGuire testified that she radioed Officer Natividad to stop the red vehicle and to identify the driver because the vehicle left the scene and went through the stop sign without stopping"; however, the officers "did not observe any violation of the law before the red vehicle was stopped" because "[t]here was no stop sign at the location Officer McGuire testified there was one, and therefore, the red vehicle did not fail to stop at a stop sign."
Accordingly, the circuit court suppressed "[a]ll evidence of alleged illegal drugs and drug paraphernalia, including observations of such items and of [Hicks] after the stop" as "`fruits' of the illegal stop." The State of Hawai`i filed a motion for nolle prosequi of the charges with prejudice on August 8, 2003.

B.
On October 22, 2003, in Civil No. 03-1-0288, Hicks filed a complaint against County Defendants, claiming damages from the first and second restraints. Hicks's second amended complaint generally alleged that County Defendants "instituted the prosecution of [Hicks] maliciously and with no reasonable or probable cause"; committed "false imprisonment"; and committed negligent "supervision, hiring, training, promotion and retention of the police officers, and/or employees[.]"
Hicks filed a motion for partial summary judgment, requesting that the circuit court conclude that "(1) [there were] no specific articuable [sic] facts of criminal activity at [the location where Hicks was parked]; (2) . . . no violation of law was observed by Officer McGuire[; and] (3) [Hicks] was arrested and held by the Defendant County of Hawai`i[.]" In support, Hicks argued that the finding in his criminal case of "no probable cause to stop/arrest and imprison [Hicks] . . . because the officer claimed [Hicks] was stopped for running a stop sign that did not exist . . . is res judicata." The circuit court[3] denied Hicks's motion.[4]
Subsequently, the circuit court granted County Defendants' motion for summary judgment and dismissed all claims asserted by Hicks, reasoning that (1) there was reasonable suspicion to stop Hicks's vehicle and probable cause to arrest Hicks with respect to the first restraint, and (2) the grand jury indictment was a complete defense with respect to the second restraint. The circuit court's findings of fact stated:
(1) There were two restraints and two proceedings. The first restraint or proceeding was the arrest of [Hicks] on October 30, 2001, which resulted in release after four hours. The second proceeding was the indictment filed in Cr. XX-X-XXXX, State of Hawai`i v. Wes Colby Hicks ("Cr. No. 02-1-0434") relating to the October 30, 2001 incident, and the second restraint was [Hicks's] arrest pursuant to the indictment.
(2) On October 30, 2001, [Officer McGuire] received a radio call of two "suspicious" vehicles driven to an area of Orchidland Drive and 36th Avenue without headlights,
(3) That area was dark and secluded,
(4) [Officer McGuire] had an understanding that drug transactions took place in such an area,
(5) [Officer McGuire] approached the vehicles after 11:38 p.m.,
(6) [Officer] McGuire turned on her blue light,
(7) [Hicks] jumped in his vehicle and "darted out",
(8) [Officer McGuire] attempted to stop [Hicks's] vehicle with a hand signal,
(9) [Hicks] did not stop,
(10) [Officer McGuire] instructed [Officer Natividad] to stop [Hicks's] vehicle,
(11) After the stop, [Officer McGuire] was informed that an All Points Bulletin existed for [Hicks's] vehicle with instructions to arrest the person driving that vehicle,
(12) Upon placing [Hicks] under arrest, [Hicks] resisted arrest and ran,
(13) [Officers McGuire and Natividad] gave chase and after restraining [Hicksj they recovered illegal drugs and drug paraphernalia thrown down by [Hicks,]
(14) On December 19, 2002, Cr. No. 02-1-0434 was presented to the Grand Jury where [Hicks] was charged with offenses other than a traffic violation,
(15) At the Grand Jury proceeding, [Officer McGuire] testified that she asked [Officer Natividad] to make a "traffic stop",
(16) [Officer McGuire] did not testify [before the Grand Jury] that [Hicks] drove through a stop sign, and
(17) In Cr. No. 02-1-0434, [Hicks] was charged with offenses other than a traffic violation and [Officer McGuire's] testimony regarding the traffic stop played a minimal role, if at all, in determining the existence of probable cause for the charged offenses, and
(18) The Grand Jury returned a true bill and an indictment was issued against [Hicks].
(Emphases added.)
In light of these findings, the circuit court entered the following conclusions of law:
(1) [Officer McGuire] had undisputed specific and articulate [sic] facts which warranted the investigative stop of [Hicks],
(2) After the stop of [Hicks], there [were] more than sufficient facts that emerged which warranted the arrest of [Hicks] based upon probable cause,
(3) Summary judgment is warranted as to the first restraint and proceeding, and
(4) The Indictment in Cr. No. 02-1-0434 provides a defense to [Hicks's] claims against [County Defendants] as to the second restraint and proceeding.
The circuit court entered final judgment, dismissing all claims in favor of County Defendants and denied Hicks's motion for reconsideration.

C.
On appeal, Hicks advances the following general points of error:
(1) "The Circuit Court committed reversible error when it denied [Hicks's] Motion for Partial Summary Judgment";
(2) "The Circuit Court committed reversible error when it granted [County Defendants'] Motion for Summary Judgment . . . and [entered] Final Judgment"; and
(3) "The Circuit Court committed reversible error when it denied [Hicks's] Motion for Reconsideration."[5]

DISCUSSION

A.
On appeal, Hicks argues that County Defendants are precluded "from re-litigating the issue of liability on [Hicks's] claim for false imprisonment" because "the issue of [County Defendants'] illegal*stop and search of [Hicks] on October 30, 2001 . . . was litigated and determined by [the circuit court's] order granting [Hicks's] motion to suppress evidence" in the criminal case. (Formatting altered.) In addition, he contends that "a finding of probable cause by the grand jury is not a defense because it was obtained by way of fraud, deceit and suppression of evidence" as the circuit court may not "consider subsequent events for its determination of probable cause." (Formatting altered.)

B.
Upon a careful review of the record and the briefs submitted by the parties, and having given due consideration to the case law and statutes relevant to the arguments advanced and the issues raised, we conclude that Hicks's claim for false imprisonment[6] has no merit because the record indicates that he was lawfully arrested and indicted for resisting arrest.
The Hawai`i Supreme Court has stated that " [f]or both false arrest and false imprisonment, the essential elements are (1) the detention or restraint of one against his or her own will, and (2) the unlawfulness of such detention or restraint." Reed v. City and County of Honolulu, 76 Hawai`i 219, 230, 873 P.2d 98, 109 (1994) (internal quotation marks and brackets omitted) . " [F]alse arrest and false imprisonment as tort claims are distinguishable only in terminology." Id. (internal quotation marks omitted).
However, "where an arrest or detention is effected without a warrant, the existence of probable cause to arrest is an affirmative defense to an action for false imprisonment." Towse v. State, 64 Haw. 624, 635, 647 P.2d 696, 704 (1982). In addition, " [t]here is a presumption that an indictment has been found by a grand jury upon sufficient evidence, and that the grand jury acted upon legal evidence." State v. Jenkins, 1 Haw. App. 430, 433-34, 620 P.2d 263, 267 (App. 1980).
Notably, this court has held that the illegality of a prior seizure or arrest does not privilege a defendant to resist an arrest made under color of law. State v. Kachanian, 78 Hawai`i 475, 485-86, 896 P.2d 931, 941-42 (App. 1995). Consequently, a resisting-arrest "indictment cannot be treated as a `product or fruit' of any illegal seizure or arrest of [a defendant]." Id. at 486, 896 P.2d at 942; see also United States v. Bailey, 691 F.2d 1009, 1017-18 (11th Cir. 1982) (holding that nthe police may legally arrest a defendant for a new, distinct crime, even if the new crime is in response to police misconduct and causally connected thereto"); State v. Gaffney, 583 P.2d 582, 584 (Or. Ct. App. 1978) (holding that even though police officers unlawfully stopped the defendant, "evidence of the independent crimes allegedly committed in response to the stop was improperly suppressed, and the charges were improperly dismissed"); Commonwealth v. Johnson, 245 S.W.3d 821, 823 (Ky. Ct. App. 2008) (observing that courts "have uniformly rejected motions to suppress evidence relating to the defendant's violence toward police officers subsequent to an unlawful warrantless entry or search and seizure").
In this case, after the allegedly unlawful stop of Hicks's vehicle, Hicks resisted arrest and attempted to flee. With respect to the first restraint on October 30, 2001, Officer McGuire testified at the grand-jury hearing that when she and Officer Natividad attempted to place Hicks under arrest, Hicks "pushed [Officer Natividad] and started running down the street[.]" Hicks was then arrested, but not charged, with several offenses, including resisting arrest.
With respect to the second restraint, the grand jury, in addition to the drug-related offenses, indicted Hicks for Count III resisting arrest, charging in salient part:
On or about the 30th day of October 2001, . . . [Hicks] intentionally prevented [Officer Natividad], a peace officer acting under color of his official authority, from effecting an arrest by using or threatening to use physical force against [Officer Natividad] or another, thereby committing the offense of Resisting Arrest, in violation of [Hawaii Revised Statutes] Section 710-1026(1) (a) [.]
Thus, the circuit court's findings of fact reflected the following:
(11) After the stop, [Officer McGuire] was informed that an All Points Bulletin existed for [Hicks's] vehicle with instructions to arrest the person driving that vehicle,
(12) Upon placing [Hicks] under arrest, [Hicks] resisted arrest and ran,
(13) [Officers McGuire and Natividad] gave chase and after restraining [Hicks] they recovered illegal drugs and drug paraphernalia thrown down by [Hicks.]
(Emphasis added.)
Even assuming that the police officers lacked reasonable suspicion that Hicks had engaged in criminal activity and, therefore, unlawfully stopped Hicks's vehicle, "such illegality would not affect the `resisting arrest' charge[,]" Kachanian, 78 Hawai`i at 485, 896 P. 2d at 941, and it "cannot be treated as a `product or fruit' of any illegal seizure or arrest of [Hicks]." Id. at 486, 896 P.2d at 942. Inasmuch as the first and second restraints were, at a minimum, validly supported by Hicks's act of resisting arrest, any claim for false imprisonment by Hicks is precluded.
For these reasons, the September 26, 2006 final judgment is hereby affirmed.
Our disposition of this appeal renders it unnecessary to address either the validity of the stop of Hicks's vehicle or whether County Defendants were precluded from litigating the issue of reasonable suspicion.
NOTES
[1] The Honorable Greg K. Nakamura (Judge Makamura) presided.
[2] The Honorable Terence T. Yoshioka presided (Cr. No. 02-1-0434).
[3] Judge Nakamura presided.
[4] Although the record does not indicate the basis for the denial of Hicks's motion, at a May 17, 2005 hearing, the circuit court stated, but did not orally rule, that "findings of fact in a criminal case relating to the conduct of police officers . . . does not have res judicata effect ... in regard to a civil action brought against the police officers arising out of the same conduct."
[5] We decline to review this point of error because Hicks's opening brief does not submit an argument in support. See Hawai`i Rules of Appellate Procedure Rule 28(b) (7) ("Points not argued may be deemed waived."); Taomae v. Lingle, 108 Hawai`i 245, 257, 118 P. 3d 1188, 1200 (2005) ("This court may disregard a particular contention if the appellant makes no discernible argument in support of that position.") (internal quotation marks and brackets omitted).
[6] Although it appears that Hicks attempted to allege several theories of tort liability in his second amended complaint, Hicks's opening brief solely addresses a claim for false imprisonment. Therefore, we decline to review the merits of any additional tort claims.